IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBERT IBARRA,

      **Plaintiff,**

vs.                                                     No. CIV 05-979 JH/RLP

**BEN RAY LUJAN, E. SHIRLEY BACA,
JASON MARKS, DANIEL MAYFIELD,
RON MARTINEZ, HUGHANNE MAXWELL-LOUX
and THE NEW MEXICO PUBLIC REGULATION
COMMISSION,**

      **Defendants.**

<u>**Memorandum Opinion and Order**</u>
<u>**Granting Plaintiff's Motion to Compel [Docket No. 58]**</u>
<u>**and**</u>
<u>**Protective Order.**</u>

The matter before the court is Plaintiff's Motion to Compel production of a report authored by attorney Karen Kilgore at the request of the general counsel of the New Mexico Public Regulation Commission. ["Kilgore report" herein].

<u>Background</u>

Plaintiff served initial discovery requests on Defendants on November 22, 2005. On December 1, 2005 Defendants requested an extension of time to respond to these requests. On December 2, 2005, Plaintiff "agree(d) to an extension until January 11, 2006 for defendants to answer Plaintiff's *first set of discovery requests*." [emphasis added]. [Docket No. 63, attachment C].

On December 1, 2005 an article appeared in the Albuquerque Journal detailing and quoting from the Kilgore report. The following day, December 2, 2005, Plaintiff served a second Request for Production on Defendants, seeking production of the Kilgore report. ["RFP No. 15" herein]. Response to RFP No. 15 was due on January 4, 2006.

On January 10, 2006, Plaintiff notified Defendants that the Response to the second Request for Production was past due, stating that a motion to compel would be filed if the response was not received by January 17. On January 11, Defendants responded that the response to RFP No. 15 would accompany responses to the initial discovery requests, which would be served that day. [Docket No. 63, attachment A].

In their response to RFP No. 15, Defendants objected to production of the Kilgore report, stating:

> This request for production is objected to on the grounds of attorney-client privilege, relevancy and materiality. The report prepared by Karen Kilgore, Esq. on the subjects noted in this request was performed by an attorney for a client and conducted as a legal, attorney-client privileged request for legal assistance. Moreover, the report does not involve, impact, consider or concern the instant case, and is therefore, irrelevant and immaterial to the issues, facts and matters herein.

## Discussion

Plaintiff contends that Defendants should be compelled to produce the Kilgore report because (1) The objection to production was untimely, (2) The objection did not describe the nature of the documents sufficiently for the court to assess the applicability of the privilege (3) The Kilgore report is relevant to prove habit, routine practice, motive, opportunity and intent, and (4) Defendants waived objection to production by disclosing the report to third parties.[1]

### Timeliness of Objection to RFP No. 15

Rule 34 F.R.Civ.P. requires that responses to requests for production be served within thirty

---

[1] In his reply to this Motion, Plaintiff argued that New Mexico public policy mandated disclosure of the Kilgore Report. I decline to address the public policy issue because it was raised for the first time in Plaintiff's reply brief. See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n. 6 (10th Cir.1992).

days following service of the request.  This thirty day time frame may be shortened or lengthened by court order or by written stipulation of parties.  No order or written stipulation was obtained for lengthening the time to respond to RFP No. 15.  A party that fails to timely object to a request for production waives the right to contest the discovery request absent a showing of good cause for the belated objections.[2]

Defendants claim good cause exists, because it was reasonable for them to assume that the extension to January 11 granted with regard to responses to the first set of discovery requests also applied to the response to RFP No. 15.  The communication from Plaintiff to Defendants granting an extension of time was limited to the first set of discovery requests.  Indeed, when Defendants sought the extension, RFP No. 15 had not been served.

In <u>Putnam v. Morris</u>, 833 F.2d 903, 905 (10th Cir. 1987), the Tenth Circuit stated:

> Without attempting a rigid or all-encompassing definition of "good cause," it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. . .

Defendants' failure to file a timely response to RFP No. 15 is no more than simple inadvertence, mistake of counsel or ignorance of the rules.  Accordingly, good cause has not been

---

[2]This waiver principle is grounded in the plain language and the advisory committee notes of the Federal Rules of Civil Procedure. Rule 34(b) requires a response to a request for production to be served "within 30 days after the service of the request" and further states that if "the request is objected to ... the reasons for the objection shall be stated." "The procedure in Rule 34 is essentially the same as that in Rule 33 [for interrogatories] ... and ... the discussion in the note appended to that rule is relevant to Rule 34 as well." Rule 34 advisory committee's notes to the 1970 amendments to subdivision (b). Rule 33(b)(4) provides that any ground for an objection "not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." See also Rule 33 advisory committee's notes to the 1993 amendments to subdivision (b) ( "Paragraph (4) is added to make clear that ... untimely grounds for objection ordinarily are waived."). <u>See</u> e.g., <u>Pham v. Hartford Fire Insurance Co.</u>, 193 F.R.D. 659, 661 (D. Colo. 2000).

shown, and Defendants' objections to RFP No. 15 are deemed waived. This waiver includes claims of privilege. Fretz v. Keltner, 109 F.R.D. 303, 309 (D. Kan. 1985); see also, Hoffman v. United Tele., Inc., 117 F.R.D. 436, 438 (D. Kan. 1987); Casson Constr. Co. v. Armco Steel Corp., 91 F.R.D. 376, 379 (D. Kan. 1980).

<div align="center">Waiver of Attorney-Client Privilege</div>

Even considering the substantive grounds raised by Defendants, I find that the attorney-client privilege has been waived due to publication of the report to third parties.

Defendants proffer the affidavit of Carolyn Glick, General Counsel to the New Mexico Public Regulation Commission, in support of their claim of attorney-client privilege. [Doc. No. 63, attachment B]. In her affidavit, Ms. Glick states that in her capacity as general counsel, she retained attorney Kilgore to conduct an independent legal analysis "as to whether violations of certain statutes had occurred in light of certain facts," and that the report which resulted from this analysis was considered "confidential and privileged attorney-client communication and attorney work product"[3] for which the Commission has not waived any privilege. Ms. Glick further states that "(T)here has been no voluntary disclosure or publication of the Report. . ." At no point in her affidavit does Ms. Glick address the facts surrounding the disclosure of the report in the Albuquerque Journal, or the Commission's response to that disclosure.

The lawyer-client privilege recognized in Rule 11-503 NMRA is waived if the person holding the privilege "voluntarily discloses or consents to the disclosure of any significant part of the matter or communication" provided that disclosure itself is not a privileged communication. Rule 11-511

---

[3] Defendants did not raise the work product doctrine in their objection to the production of the Kilgore report.

NMRA.

In order to establish that the attorney-client privilege applies to the Kilgore report, Defendants must affirmatively demonstrate non-waiver of the privilege. Resolution Trust Corporation v. Dean, 813 F.Supp. 1426, 1428 (D. Az. 1993), and must provide the court with sufficient information to enable it to determine that no waiver has occurred. C.f., F.T.C. v. Shaffner, 626 F.2d 32, 37 (7th Cir.1980), cited in Krenning v. Hunter Health Clinic, Inc., 163 F.R.D. 15, 17 (D. Kan. 1996). "A party seeking to assert the privilege must make a clear showing that it applies." Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir.1984). "The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document." Id.

In Resolution Trust Corporation v. Dean, a confidential memorandum prepared by the plaintiff's counsel was leaked to new media. Defendant sought production of the memorandum, and plaintiff objected, raising attorney-client and other privileges, claiming that the disclosure of the memorandum was unauthorized and illegal. The court upheld the claim of privilege because the plaintiff "(came) forward and presented testimony, under penalty of perjury, affirmatively demonstrating that they took precautions to secure the confidentiality of the . . .memo and that the memo's leak remain(ed) inexplicable." Resolution Trust Corporation v. Dean, 813 F.Supp. at 1429-1430. No such showing has been made in this case. All that can be gleaned from Ms. Glick's affidavit is that she did not authorize disclosure of the Kilgore report. No information has been provided as to whom the report was distributed, what efforts were undertaken to keep the report confidential, whether the identity of the person who provided the report to the news media was known or whether Ms. Glick or the Commission made any investigation into how the report was provided to the news media.

Relevancy

The scope of discovery under Rule 26(b)(1) is not whether the discovery will result in evidence that is, or even may be, admissible at trial, but rather whether the discovery is "reasonably calculated to lead to the discovery of admissible evidence." Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action. Jones v. Commander, Kansas Army Ammunitions Plant, 147 F.R.D. 248, 250 (D.Kan.1993).

Based on the information presently before me, I can not determine that information contained in the Kilgore report will have no possible bearing on the subject matter of this action. That is a determination that will be made either by ruling on a motion i*n limine* or at trial.

Protective Order

Perhaps anticipating that production of the Kilgore report would be required, Defendants request that any such production be governed by the terms of a Protective Order, a copy of which was appended to their Response. Plaintiff did not address Defendants' request for a Protective Order in his Reply. I find, therefore, that Plaintiff concurs, or at least does not object, to the entry of a Protective Order. The Protective Order submitted by Defendants, however, is too broad, and the court declines to referee every discovery request or deposition question which involves the Kilgore report.

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. Defendants shall produce to Plaintiff a copy of the Kilgore report on or before March 16, 2006.

2. Plaintiff and his attorneys are prohibited from disclosing the Kilgore report to

non-parties other than persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

3. Plaintiff and his counsel are prohibited from using the Kilgore report outside of this lawsuit.

4. All employees, representatives, agents, and experts and other persons acting or serving on Plaintiff's behalf shall execute a confidentiality agreement stating that they will not disclose the contents of the Kilgore report outside of this lawsuit.

**IT IS SO ORDERED.**

**Richard L. Puglisi**
**United States Magistrate Judge**